**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRIAN MCLUCAS, | ) | CR 99-01168-RSWL |
|     Petitioner | ) | |
| | ) | **ORDER RE: Brian McLucas'** |
|       v. | ) | **Petition to Amend** |
| | ) | **Judgment Imposing Fine** |
| UNITED STATES OF AMERICA, | ) | **[392]** |
| | ) | |
|     Respondent. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

    Currently before the Court is Petitioner Brian McLucas' ("Petitioner") Petition to Amend Judgment Imposing Fine ("Petition") [392].  Having reviewed all papers submitted pertaining to this Petition, the Court **NOW FINDS AND RULES AS FOLLOWS:**

    Petitioner Brian McLucas' Petition is **DENIED.**

///

In his instant Petition, Petitioner seeks amendment of this Court's January 20, 2004, judgment imposing a $15,000 fine, relying upon on Federal Rule of Criminal Procedure 36.  Petitioner also alleges that the Court's imposition of the fine does not adhere to the requirements set forth in 18 U.S.C. § 3572(a), and concludes that the fine should be vacated.

Petitioner does not cite to any legal authority that would allow this Court to amend its January 20, 2004, judgment.  "A district court does not have inherent power to resentence defendants at any time."  United States v. Ceballos, 671 F.3d 852, 854 (9th Cir. 2011) (citation omitted).  The district court's "authority to change a sentence must derive from some federal statutory authority."  United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994) (citation omitted).  It may also "flow from either the court of appeals mandate . . . or from Federal Rule of Criminal Procedure 35."  Ceballos, 671 F.3d at 854 (citations omitted).

Although Petitioner relies upon Federal Rule of Criminal Procedure 36, Rule 36 is inapplicable here. Federal Rule of Criminal Procedure 36 allows the district court to correct clerical errors: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment order, or other part of the record, or correct an error on the record arising from oversight or omission."  The

Ninth Circuit has held that "Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing." <u>United States v. Penna</u>, 319 F.3d 509, 513 (9th Cir. 2003). "An error is clerical if 'what is spoken, written, or recorded is not what the court intended to speak, write or record.'" <u>United States v. Trulock</u>, No. CR 06-1031-PHX-EHC, 2010 WL 1842258, at *2 (D. Ariz. May 6, 2010) (citing <u>United States v. Kaye</u>, 739 F.2d 488, 491 (9th Cir. 1984)). Moreover, "Rule 36 does not permit any substantive changes or amendments to the sentence but permits correction of any technical or clerical errors." <u>Id.</u>

Federal Rule of Criminal Procedure 36 cannot vest the Court with the authority to amend Petitioner's sentence, given that the sentence spoken, written, and recorded was the sentence the Court intended to give Petitioner. The record does not show that there was a technical or clerical error in the Court's January 20, 2004, judgment. Additionally, a request to waive the $15,000 fine would constitute a substantive change or amendment to the sentence, which is not authorized under Rule 36.

Moreover, Petitioner cannot move this Court to waive or vacate the $15,000 fine either under 18 U.S.C. §§ 3572 or Section 3664, statutes that outline the requirements for the imposition of fines, including fines for restitution. Certain provisions in these

statutes authorize a district court to amend a judgment by adjusting a schedule of payments for a fine, but only in limited circumstances.  See 18 U.S.C. §§ 3572(d)(3), 3664(k).  For example, when a district court renders a "judgment for a fine which permits payments in installments," it may "adjust [a] payment schedule, or require immediate payment in full" if the defendant notifies "the court of any material change in the defendant's economic circumstances."  18 U.S.C. § 3572(d)(3).  A district court may take a similar action in cases where a defendant has been ordered to pay restitution to victims of his criminal acts through installment payments.  18 U.S.C. § 3664(k).

Sections 3572 and 3664 mainly outline the requirements and procedures for imposing fines, and any subsections that authorize the district court to amend a fine apply exclusively to fines permitted to be paid in installments.  See 18 U.S.C. §§ 3572(d)(3), 3664(k).  Consequently, these provisions only allow the Court to *alter* an installment payment schedule, not waive the actual fine.  In this case, the $15,000 fine imposed upon Petitioner was ordered to be paid in full immediately at the time the judgment was rendered.  See Pet., Ex. B (Transcript), at 15:10-14.  Even if the Court had permitted installment payments, Sections 3572 and 3664 would not authorize this Court to entirely waive the $15,000 fine imposed on Petitioner.

If Petitioner had relied upon Federal Rule of

Criminal Procedure 35 as the basis for his request for
amendment of the Court's judgment, which he did not,
the Court would still lack the authority to amend
Petitioner's fine.  Rule 35 authorizes a district court
to correct or reduce a sentence "within 14 days" if the
sentence "resulted from arithmetical, technical, or
other clear error."  Fed. R. Cr. P. 35(a).  Rule 35
also provides: "Upon the Government's motion made
within one year of sentencing, the court may reduce a
sentence if the defendant, after sentencing, provided
substantial assistance in investigating or prosecuting
another person."  Fed. R. Cr. P. 35(b).  Federal Rule
of Criminal Procedure 35(a) does not apply here because
it is limited to a correction of a sentence within 14
days.  As the Government's opposition indicates,
Petitioner did not challenge the fine this Court
imposed until he filed the current petition on May 24,
2013--well beyond the limited time frame allowed for a
revision or correction under Rule 35(a).  Rule 35(b) is
also inapplicable here because a motion to reduce a
sentence for substantial assistance needs to be made by
the Government, and not a defendant.

Finally, even if this Court were to characterize
Petitioner's motion as a motion to vacate, set aside or
correct a sentence pursuant to 28 U.S.C. § 2255, the
Court would still lack authority to consider
Petitioner's request for relief.  Section 2255 "allows
a federal prisoner claiming that his sentence was

imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (citing 28 U.S.C. § 2255).  However, "a second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate [from the Ninth Circuit] authorizing the district court to do so." Alaimalo v. United States, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).  The Ninth Circuit has defined a "successive" Section 2255 motion as one where "the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." United States v. Allen, 157 F.3d 661, 664 (9th cir. 1998).

Petitioner already filed a motion under Section 2255 on November 30, 2012 [376], which this Court subsequently denied on July 23, 2012 [389].  The present Petition has the "same basic thrust or gravamen of the legal claim" as Petitioner's first Section 2255 motion, considering that both challenge the legality of this Court's January 20, 2004, judgment.  As such, even if the Court were to characterize this present Petition as a Section 2255 motion, the Petition would have to be regarded as a "successive" Section 2255 motion. According to Section 2255(h), the Ninth Circuit must

approve the filing of any successive Section 2255 motion. The record does not show that Petitioner secured this approval. Therefore, even if the Court construed the present Petition as a Section 2255 motion, the Court would still lack the authority to rule on it.

For the reasons stated above, this Court does not have the authority to amend its judgment imposing the $15,000 fine. Therefore, the present Petition is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 2,2013

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge